**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**American Biosystems, Inc.**

**Plaintiff,**

**v.**

**Electromed, Inc.,**

**Defendant.**

**Civil No. 00-2646 DWF/SRN**

**PRETRIAL SCHEDULING ORDER**

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective November 1, 1996, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern this proceeding. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

**Discovery Plan**

1. The plaintiff shall serve upon the defendant within 60 days from today's date a "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific product or methods of defendant it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or me0thod listed in (2), including the basis for each contention that the element is present.

    a. If Plaintiff believes a claim element is written in means plus function form, Plaintiff shall identify the disclosed structure and the corresponding structure in the accused device and the basis for Plaintiff's contention that the two structures are the same or equivalent.

    b. If there is contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain the basis

FILED FEB 22 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for its contention that the differences between the claim element and the accused device are not substantial.

2. Within 45 days of its receipt of Plaintiff's Claim Chart, defendant shall serve upon plaintiff "Defendant's Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent.

   a. In the case of a disputed element written in means plus function form, Defendant shall state what it believes the disclosed structure is and state the basis of its contention that the disclosed structure or its equivalent is not present in the accused device.

   b. As to the doctrine of equivalents, defendant shall indicate on its chart each of its contentions that any differences between the claim element and the accused disputed device are substantial.

3. Following Defendant's service of its Claim Chart as set forth above, the Court shall be contacted for purposes of scheduling a hearing to determine claim interpretation. ("Markman Hearing")

   a. Forty-five (45) days in advance of the Markman hearing date, each side shall file with the Court a statement of the interpretation for which it contends, along with a memorandum explaining how the intrinsic evidence (claims, specification and prosecution history of the patent(s)-in-suit support that interpretation.

   b. If either side alleges that it also intends to rely on extrinsic evidence, it shall:

      (i) explain why extrinsic evidence is necessary;

      (ii) explain the extrinsic evidence it intends to offer; and

      (iii) if the extrinsic evidence is testimony (e.g., from an expert of the inventor), submit to the Court such testimony in the form of an affidavit.

   c. If one side indicates its intention to rely on extrinsic evidence, within 15 days the opposite party shall file a memorandum with the Court:

      (i) stating its position on the need for the extrinsic evidence offered by the other party; and

(ii) stating whether, if the Court hears the extrinsic evidence offered by its opponent, it wants to present extrinsic evidence as well; and, if so, providing the information required under subsections (i)-(iii) in part b. above.

d. Ten (10) days before the date of the Markman hearing, the Court shall issue an order stating:

(i) whether it will receive extrinsic evidence, and if so, the particular evidence it will receive; and

(ii) whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants.

**<u>Discovery Relating to Validity/Prior Art</u>**

1. Within (90) days of its receipt of Plaintiff's Claim Chart pursuant to Discovery Plan, paragraph 1, defendant shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement).

2. Within thirty (30) days of its receipt of Defendant's Prior Art Statement, plaintiff shall serve on defendant "Plaintiff's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by defendant shows, if its interpretation differs from defendant's, and its position on why the prior art does not invalidate the patent(s)-in-suit.

3. The plaintiff's and defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports provided that the deadline for the submission of such prior art will not be delayed by the expert deadlines in the Pretrial Order.

4. Defendant can add prior art to its original Statement only by leave of Court, upon a showing:

a. that it was not and could not reasonably have been located earlier by defendant; and

b. that it is not merely cumulative of prior art already listed, and

c. how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

**Pleading of Defenses**

1. It shall not be a ground of objection by plaintiff to discovery that it relates to defenses not pled by defendant, where the evidence needed to support these defenses is in whole or in part the hands of the plaintiff.

2. Once plaintiff has given the necessary discovery, defendant may seek leave of Court to add defenses for which it alleges, consistent with F.R.C.¶ 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prime facie support is present, provided that defendant seeks leave as soon as reasonably possible following plaintiff's providing the necessary discovery.

**Discovery Definitions**

1. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior at," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this Order is not satisfied by the respondent including a specific definition of the term-of-art in its response, and limiting its response to that definition.

**Discovery Deadlines**

1. **Discovery shall be commenced in time to be completed by March 1, 2002.**

2. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and full disclosure of expert testimony, required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made on or before January 15, 2002, and an exchange of rebuttal reports shall be made on or before February 15, 2002.

3. Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

4. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

5. Unless leave of court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report.

6. Unless leave of court is applied for and given, no expert reports other than the Initial and Rebuttal Reports shall be permitted.

7. No more than 50 interrogatories [counted in accordance with Fed. R. Civ. P. 33(a)] shall be served by any party.

8. No more than 15 depositions, excluding expert witness depositions, shall be taken by any party. Each party shall take no more than 5 expert depositions.

**Patent Owner/Prosecution Counsel Communications**

1. Communications during patent prosecution between the inventor and owner of the patent(s)-in-suit on the one hand, and counsel prosecuting the patent(s) on the other, are presumptively privileged, and need not be produced by plaintiff unless defendant can state:

   a. with reasonable specificity what information it believes it will find in such communications, and the basis for such belief; and

   b. for what purpose it would use the information at trial.

If defendant makes the required showing, the documents in question will be produced to the Court for *in camera* inspection to determine whether they do, in fact, contain the information specified by defendant and whether it could be used for the purpose proposed by defendant. The documents will be produced to defendant only if both conditions are satisfied.

**Privilege Log**

1. Absent an agreement of counsel to the contrary, any document requested that is not produced shall be identified in a log of withheld documents (Withheld Document Log"). For each document listed on the Withheld Document Log, the following information must be given:

   a. the author(s);

   b. the recipient(s);

   c. the position held by each author and each recipient, including whether they are lawyers;

   d. the date;

   e. the basis or bases for withholding the document;

f. a description of the document in such detail that the requesting party can determine whether to challenge the basis or bases set forth pursuant to (e), (e.g., that "the document contains legal advice from X to Y concerning the subject of marking with the patent number").

**Non-Dispositive Motions**

(Non-dispositive motions may be scheduled for hearing by calling Beverly Riches, Calendar Clerk, 651-848-1200.)

1. All motions which seek to amend the pleadings or add parties must be served by October 1, 2001.

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by March 15, 2002.

3. All non-dispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1, and 37.2.

**Dispositive Motions**

1. All dispositive motions shall be served, filed and heard by May 1, 2002. (Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Lowell Lindquist, 651-848-1296.)

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

**Trial**

This case shall be ready for trial **(JURY)** on August 1, 2002, or upon resolution of any pending dispositive motions. Anticipated length of trial is 5 -10 days.

Dated: February 22, 2001.

Susan Richard Nelson
United States Magistrate Judge