# UNITED STATES DISTRICT COURT
## District of Minnesota

| | | |
|---|---|---|
| American Biosystems, Inc., Plaintiff, | ) | Case Number: 00-2646 DWF/SRN |
| vs. | ) | **STIPULATED PROTECTIVE ORDER** |
| Electromed, Inc. Defendant. | ) | |

IT IS HEREBY ORDERED that Plaintiff AMERICAN BIOSYSTEMS, INC. ("ABI"), and Defendant ELECTROMED, INC. ("ELECTROMED"), are bound by the following Protective Order for the protection of confidential information, documents and other things produced, served or otherwise provided in this action by the parties or by third parties:

Plaintiff American Biosystems, Inc. ("ABI") and Defendant Electromed, Inc. ("Electromed"), parties to the above captioned case pending in the United States District Court for the District of Minnesota (the "Court"), Civil Action No. 00-2646 DWF/SRN (the "Action"), recognize that discovery conducted in the Action may involve documents, material or other information considered by one party or the other to be confidential and/or proprietary, and accordingly hereby stipulate and agree to the entry by the Court of the following protective Order.

**WHEREAS**, the parties believe that it would be appropriate for discovery in the Action to be conducted under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS**, Plaintiff and Defendant and their undersigned counsel agree, subject to the approval of the Court, that if, in the course of the Action, any party has occasion to disclose information deemed by that party to constitute trade secrets, know-how or other proprietary or

FILED APR 03 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

confidential research, development or commercial information, the following procedures shall be employed and the following restrictions shall govern; and

**WHEREAS**, this Protective Order shall be applicable to all depositions, interrogatories, requests for admissions, document productions, responses thereto, or any other discovery pursuant to the Federal Rules of Civil Procedure, and any other material or information hereafter furnished by or on behalf of any party, or any person associated with any party, in connection with the Action.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND ORDERED THAT:**

1. Any party to the Action may designate as "CONFIDENTIAL" any documents, any portions of testimony, and any other material or information which the designating party reasonably and in good faith believes contains or reflects proprietary or confidential material or information which the designating party desires not to be made public.

2. Any party to the Action may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any documents, any portions of testimony, and any other material or information which the designating party reasonably and in good faith believes is of such a commercially sensitive nature that disclosure to persons other than those specified herein in Paragraph 9(b) would reasonably be expected to result in injury to the designating party. Examples of documents or other information that are properly classifiable as CONFIDENTIAL-ATTORNEYS' EYES ONLY include, but are not necessarily limited to, marketing or scientific information and know-how, and financial information.

3. The designation of documents, other material or information as CONFIDENTIAL shall be made promptly by written notice (such notice to consist of the designation "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or a similar

designation) using any of the following methods: stamping the notice on the documents or materials or on the production copies thereof; incorporating the notice on the documents or material; or providing a separate written notice at the time of production of such documents or other material or information to counsel of record for the receiving party.

4. The designation of documents, other material or information as CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be made in accordance with Paragraph 3 herein except that the written notice shall consist of the designations "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" or a similar designation.

5. The designation of portions of oral testimony as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be made at the time of taking such testimony or within thirty (30) days after the receipt of the transcript of such testimony, and a separate segregated transcript thereof shall be made if requested by the designating party. However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY and subject to this Protective Order until thirty (30) days after the transcript of the deposition has been received by the party whose CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designated documents, material or information is involved. Nothing in this subparagraph is intended to prevent the attendance at depositions by individuals not designated under this Protective Order pursuant to Paragraph 9 absent the designation by a party of all or any portion of oral testimony as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY either before or during the deposition, nor is the designation CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS'

EYES ONLY otherwise waived by the attendance at depositions by individuals not designated under the Protective Order pursuant to Paragraph 9.

6. When producing original files, records and other documents or material for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of such an inspection, all documents and material should be considered CONFIDENTIAL-ATTORNEYS' EYES ONLY. Thereafter, upon selection of specified documents and material for copying by the inspecting party, the producing party shall mark the copies in accordance with the provisions of Paragraphs 3 and 4 above, before the requested copies are produced to the inspecting party. Counsel are encouraged to agree to the redaction from documents of material and/or information which is CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and not relevant to the subject matter of the lawsuit, to simplify pretrial and trial procedures. Any document(s) with material or information redacted shall bear a stamp "REDACTED" on each page from which material or information has been redacted.

7. All written discovery requests and responses thereto which contain information considered to be confidential or proprietary shall be designated as CONFIDENTIAL or as CONFIDENTIAL-ATTORNEYS' EYES ONLY in accordance with Paragraphs 1 and 2 herein, and shall contain the appropriate written notice upon service thereof.

8. Except as agreed by the designating party or as otherwise provided herein, information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be maintained in confidence by the party(ies) to whom it is furnished and may be disclosed by such party(ies) only to authorized persons entitled to access thereto under Paragraph 9 below, and may be used by such party(ies) only for the purposes of this litigation and for no other

purpose. However, the parties hereto shall use good faith in designating as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY such documents, material and information which they believe actually contain proprietary, secret or confidential information.

9. a) Except upon further Order of the Court, or by express written consent of counsel of record, documents, material or other information designated CONFIDENTIAL, which for purposes of this Paragraph does not include documents, material or other information designated CONFIDENTIAL-ATTORNEYS' EYES ONLY, shall not be discussed, revealed or disclosed in any manner or form by the recipient with or to any person other than:

(i) The following outside counsel and the inside counsel for each party, members and associates of their firms or divisions, and employees of those firms or divisions assigned to assist counsel in the prosecution, defense or settlement of the Action:

Edward M. Laine
Edward F. Fox
Cyrus A. Morton
David M. McKinley
Each associated with:
OPPENHEIMER WOLFF & DONNELLY LLP
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, MN 55402

Richard O. Bartz
Richard J. Bartz
Each associated with:
BARTZ & BARTZ
Southdale Office Centre
6750 France Avenue South
Suite 350
Edina, MN 55435

Additional outside counsel who participate in the Action and are specifically designated by written notice to all opposing counsel and to the Court.

(ii) Up to three executives and one in-house counsel of the Plaintiff or Defendant who are required to participate in policy decisions with reference to the Action. However, prior to receiving any CONFIDENTIAL information, any such representative must first be shown a copy of this Order and must sign a declaration in the form of Exhibit A. Such secrecy agreement shall be retained by counsel for the receiving party and need not be disclosed to the producing party.

(iii) Any person, including employees of Plaintiff or Defendant, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of the Action subject. However, prior to receiving any CONFIDENTIAL information, any such expert or consultant must first be shown a copy of this Order and must sign a declaration in the form of Exhibit A. Such secrecy agreement shall be retained by counsel for the receiving party and need not be disclosed to the producing party;

(iv) The Court or any other court having jurisdiction over discovery procedures in the Action;

(v) Any court reporter or typist recording or transcribing testimony in the Action and any outside independent reproduction firm;

(vi) Any other person who is subsequently designated either by agreement of the parties after a request by one of them, or by order of the Court upon motion of either party, after notice to the opposing party.

b) Documents, material or other information designated CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be held in confidence and shall not be discussed, revealed or disclosed in any manner or form, with or to any person or entity other than the persons identified in Subparagraphs 9(a)(i), (iv), (v); or in Subparagraph 9(a)(iii) if and only if such expert or consultant has expertise in the general field to which the document, material or information to be disclosed relates <u>and</u> the expert is an independent third party retained by either party for the purposes of aiding in the prosecution or defense of the Action and is <u>not</u> an employee of Plaintiff or Defendant nor an employee of any affiliate or other company related to Plaintiff or Defendant. Any party desiring to disclose CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material or information to any such expert or consultant shall first show such expert or consultant a copy of this Order and shall first obtain a signed declaration in the form of Exhibit A from any such consultant or expert. Such declaration shall be retained by counsel for the receiving party and absent good cause, need not be disclosed to the producing party.

10. All documents, material and information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY produced in accordance with the provisions of this Order shall be utilized by the recipient solely for the purposes of the Action, i.e., used only in prosecuting or defending the Action, in testimony and exhibits at any trial or appeal of this Action, or in connection with motions, depositions or witness preparation subject to the restrictions of this Order.

11. CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY information which is compiled, summarized, transferred to or expressed in another medium (for example, information on engineering drawings expressed orally) by the party to which the information was disclosed; or information derived through inspection, measuring, analyzing,

computing or testing of any CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY information, is protected to the same extent as the original material and without any additional designation by the party which had originally designated such information.

12. Each person to whom disclosure of any documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is made shall be subject to and hereby submits to the jurisdiction of the Court and/or the U.S. District Court for the district that has jurisdiction over the person for the purpose of any proceedings concerning any violations of this Order.

13. The recipient of any documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY provided pursuant to this Order shall maintain such documents, material or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such documents, material or information.

14. Unless otherwise ordered by the Court or any court, or agreed to by the parties, any documents, deposition transcripts or other material or information, including but not limited to pleadings, memoranda, deposition notices, interrogatories, requests for document production, subpoenas, and responses thereto containing (or paraphrasing or summarizing) documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY hereafter filed with the Court shall be filed and served in a sealed envelope with a cover label bearing the caption of the Action and the following notice:

**TO BE FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

This envelope contains CONFIDENTIAL [CONFIDENTIAL-ATTORNEYS' EYES ONLY] material encompassed by a STIPULATED PROTECTIVE ORDER and is not to be opened nor the contents thereof displayed or revealed except in accordance with said STIPULATED PROTECTIVE ORDER.

15. At the conclusion of the Action, including any appeals, all documents, material and information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY furnished to the parties pursuant to the terms of this Order, any drawings related to and notes taken from said CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material and information, and all copies thereof, which are not in the custody of the Court or any court, or not an exhibit or attachment to any pleading filed in the Action, shall be returned to the party furnishing said CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material and information, or destroyed (and certified under penalty of perjury as having been destroyed) by the party in possession thereof. One copy of any adverse party's CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material or information which is contained in a pleading, discovery deposition transcript, trial transcript or an exhibit of record may be retained by outside counsel for the parties while maintaining the confidentiality thereof in accordance with this Order.

16. Nothing contained in this Order shall restrict use or disclosure of documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by the party who designated the underlying or constituent matter as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

17. The restrictions set forth in this Order with respect to documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall not apply to:

a) any information which is at the time of disclosure, or becomes, public knowledge without violation of this Order;

b) any information which is acquired by the receiving party from a third party lawfully possessing and lawfully entitled to disclose such information;

c) any information which was lawfully possessed by the receiving party prior to discovery in this case; or

d) any information which a receiving party can show was independently developed by it after the time of disclosure by persons who have not had access to the designating party's documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

18. Any party may at any time request from the other party, in writing, the release of documents, testimony or other material or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, or filed under seal, from the requirements of the terms and provisions of this Order. Upon receipt of such request, the parties shall confer as to the status of the subject document, material or information. If thc parties are unable to agree upon the status of the subject document, material or information, any party to the Action may raise the issue of such designation with the Court.

19. This Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular document(s), deposition transcript(s) or other material or information should be designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, or should not be filed under seal, provided that the party bringing any such question before the Court has complied with the procedure set forth in Paragraph 18 hereof.

20. Nothing in this Order nor any failure by a party to challenge the designation by any other party of any documents, material or information as CONFIDENTIAL or

CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be construed as an admission or agreement that any specific document, material or information is or is not confidential or proprietary, or is or is not otherwise subject to discovery or admissible in evidence.

21. The inadvertent or unintentional disclosure by a supplying party of documents, material or information considered to be CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, for example by way of document production, responses to interrogatories or deposition testimony, regardless of whether the documents, material or information were designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed document, material or information not designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY at the time of its disclosure shall be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY as soon as reasonably possible after the supplying party becomes aware of the erroneous disclosure and shall thereafter be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by the receiving party(ies).

22. Nothing in this Order shall be construed as a limitation on the use or disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material or information at any hearing in this Action. However, each party shall have the right to request that any such hearing or portions thereof be conducted in camera.

23. A person not previously designated pursuant to Paragraph 9 of this Order may be interviewed, may be examined as a witness at a deposition or during trial and may testify

concerning any document, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, only as follows:

a) A present employee of a party may be examined and may testify concerning any document, material or information of that party designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY;

b) A former employee of a party may be interviewed and examined and may testify concerning any document, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and produced by that party and which was known to the former employee prior to the interview or examination, and that person shall review this Protective Order and sign a declaration substantially in the form of Exhibit A hereto;

c) A non-party may be interviewed or examined and may testify concerning any document containing CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material or information if the party or counsel intending to interview or examine such non-party, at least ten (10) days prior to such interview or examination, delivers to counsel of record for the designating party, a copy of a declaration captioned in the proceeding and reading substantially in the form of Exhibit A hereto, signed by such non-party. Within ten (10) days after receipt of such declaration(s), the designating party shall be entitled to object to disclosure of any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material or information during any such interview or examination, by stating, in writing, the reasons why that party believes such non-party should not be interviewed or examined concerning the documents, material or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If no objection is made within ten (10) days' time, the party or counsel proposing the interview or examination may proceed with such

interview or examination. However, in the event of a timely objection providing reasons for such objection, no interview or examination concerning CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents, material or information shall be made unless and until the parties agree, in writing, or the party or counsel proposing the interview or examination, on motion, obtains an Order from the Court permitting the interview or examination.

Notwithstanding the foregoing, nothing in this Paragraph is to be construed so as to inhibit or impede the examination at deposition or during testimony of any person designated pursuant to Subparagraphs 9(a)(ii), (v) or 9(b) of this Order.

24. Nothing in this Order shall prohibit the transmission or communication of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY between or among qualified recipients by hand-delivery, face-to-face conference, or

a) in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

b) by telephone, telegraph, facsimile or other electronic transmission system; if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

25. Information and documents or other material designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein, shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material, documents or information for use in connection with this Action and such working copies,

abstracts, digests and analyses shall be deemed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY into machine-readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material, documents or information, in whatever form stored or reproduced, shall be limited to qualified recipients.

26. In rendering services or otherwise communicating with his or her client, counsel shall not disclose the specific content of any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material, documents or information where such disclosure would not otherwise be permitted under the terms of this Order. Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally referring to or relying upon CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material, documents or information.

27. In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to a court of competent jurisdiction to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that the Court and/or the U.S. District Court for the district that has jurisdiction over the person or party, have appropriate jurisdiction over them for the purpose of enforcing this Order.

28. This Order shall, consistent with the provisions of Paragraph 15 above, survives the final termination or completion of the Action with respect to any documents, material and/or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

29. Upon notice, the Court or a court of competent jurisdiction may make such further orders and directions as it deems appropriate or necessary concerning the subject matter of this Order including, without limitation, orders modifying, extending, limiting or vacating any or all of the provisions herein contained.

Dated: March 28, 2001

**OPPENHEIMER WOLFF & DONNELLY LLP**

By ______________________

Edward M. Laine, #59535
Cyrus A. Morton, #287325
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Dated: March 29, 2001

**BARTZ & BARTZ**

By Richard O. Bartz

Richard O. Bartz, #5174
R. John Bartz, #166364
Southdale Office Centre
6750 France Avenue South
Suite 350
Edina, MN 55435
Telephone: (612) 920-3959
Facsimile: (612) 920-6494

**SO ORDERED BY THE COURT:**

**Dated:** April 3, 2001

Susan Richard Nelson
Magistrate Judge Susan R. Nelson

**EXHIBIT A**

**SECRECY AGREEMENT**

I, ______________________________________, state:

I reside at __________________________________________________________;

I have read the Protective Order dated _______________________, 2001, and have been engaged as a ___________________ on behalf of ____________________________ in the preparation and conduct of the litigation between American Biosystems, Inc. and Electromed, Inc., in the United States District Court, for the District of Minnesota, Civil No. 00-1916 DWF/SRN.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any designated or **CONFIDENTIAL INFORMATION** in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any **CONFIDENTIAL INFORMATION** are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this litigation, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___________________, 2001.

By ________________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.