**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**AMERICAN BIOSYSTEMS, INC.,**

**Plaintiff,**

**v.**

**ELECTROMED, INC.,**

**Defendant.**

**Civil No. 00-2646 (DWF/SRN)**

**ORDER**

---

Edward M. Laine, Esq., and Cyrus A. Morton, on behalf of Plaintiff American Biosystems, Inc.

Richard O. Bartz, Esq., on behalf of Defendant Electromed, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 31, 2001, on motions of both parties. Plaintiff American Biosystems, Inc. (ABI) moved, pursuant to Fed. R. Civ. P. 15(a), for leave to file an amended Complaint in the form set forth in the proposed Amended Complaint attached to ABI's Notice of Motion and Motion to Amend Complaint. Defendant Electromed, Inc. moved, pursuant to Fed. R. Civ. P. 16(a), for an order directing the attorneys for the parties and

FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

persons with authority to settle this litigation to: 1) meet within the next fifteen days for settlement negotiations; 2) appear before the Court for a conference for the purpose of facilitating the settlement of the case; and 3) postpone the motion to amend the Complaint or postpone the decision on such motion until after the settlement conference.

**A. ABI's Motion for Leave to Amend the Complaint**

ABI seeks leave to amend its Complaint to add a count for infringement of U.S. Patent No. 4,838, 263 (the '263 patent) against Defendant Electromed. The proposed Amended Complaint is attached to ABI's Notice of Motion and Motion to Amend Complaint, as is the '263 Patent. ABI submits that subsequent to the filing of this lawsuit, it discovered that the '263 Patent was being infringed by Electromed. ABI unsuccessfully sought a stipulation to amend the Complaint from Electromed, and this motion resulted.

During oral argument on the motions, counsel informed the Court that settlement discussions were under way in this matter. Hence, the Court informed counsel that a formal ruling on the Plaintiff's motion for leave to amend the Complaint would be held in abeyance until June 11, 2001, when the parties were to report their progress to the Court. Otherwise, in the absence of a settlement, the Court advised the parties that the Plaintiff's motion would be granted.

In letters dated June 11th, the parties informed the Court that no

settlement discussions had taken place in the first week of June. Accordingly, the Court grants Plaintiff ABI's motion for leave to amend the Complaint to add a count for infringement of U.S. Patent No. 4,838,263 against Electromed. The motion is timely under the terms of the Pretrial Scheduling Order.

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment
> . . ., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied. Id.

The Eighth Circuit has found that leave to amend may be properly

denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F. 2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

In light of the liberal standards governing motions seeking leave to amend under Fed. R. Civ. P. 15(a), this Court grants Plaintiff ABI's motion. In its proposed Amended Complaint, ABI alleges it is the exclusive licensee of the '263 Patent and, accordingly, possesses the right to sue on the patent. See ¶ 9 of the Amended Complaint. The Court finds that ABI ought to be given an opportunity to test, on the merits, its claim that Electromed has infringed ABI's '263 Patent. In addition, the Court finds no undue delay, no bad faith or dilatory motive, nor has there been a repeated failure to cure by amendment, as this is the first request for leave to amend the Complaint. Furthermore, the Court finds that the amendment is not clearly futile, and judicial economy dictates that the amendment should be allowed. As such, Plaintiff American Biosystems, Inc. is granted leave to file and serve its Amended Complaint in the form attached to its Notice of Motion and Motion to Amend Complaint.

**B. Electromed's Motions for Settlement Conference and Postponement of Motion to Amend Complaint**

Defendant Electromed moved pursuant to Fed. R. Civ. P. 16(a), for an order directing the attorneys for the parties and persons with authority to settle this litigation to: 1) meet within the next fifteen days for settlement negotiations; 2) appear before the Court for a conference for the purpose of facilitating the settlement of the case; and 3) postpone the motion to amend the Complaint or postpone the decision on such motion until after the settlement conference.

At the hearing on these motions, the Court expressed its willingness to schedule a formal settlement conference in this case. However, the Defendant's motion to compel attendance at such a conference is denied at this time. If there is no mutual desire to discuss settlement at this juncture in the case, then such an undertaking would be fruitless.

The issue will be discussed during the status conference which the Court requests the parties to schedule in order to address any expansion of the Pretrial Scheduling Order necessitated by the amendment of the Complaint to add the '263 Patent infringement claims. The Court directs that the parties meet prior to the status conference to re-work the schedule for presentation to the Court.

Electromed's motion for postponement of ABI's motion to amend the Complaint is denied.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff American Biosystems, Inc.'s Motion for Leave to Amend the Complaint to add a count for infringement of U.S. Patent No. 4,838, 263 (Doc. No. 8) is **GRANTED**. Plaintiff shall, within ten days of the date of this Order, file and serve its Amended Complaint in the form attached to its Notice of Motion and Motion. Defendant Electromed, Inc. shall serve an Amended Answer thereto within twenty days after being served;

2) Defendant Electromed, Inc.'s Motion for Settlement Conference (Doc. No. 12) is **DENIED WITHOUT PREJUDICE**. The parties shall schedule a status conference with this Court for purposes of discussing, inter alia, any changes in the Pretrial Scheduling Order necessitated by the amendment to the Complaint, and shall meet prior to the status conference to re-work the schedule for presentation to the Court;

3) Defendant Electromed, Inc.'s Motion for Postponement of the Motion to Amend Complaint (Doc. No. 12) is **DENIED**.

Dated: June 21, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge