**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Advanced Respiratory, Inc., Civil No. 00-2646 (DWF/SRN)

Plaintiff,

v. **ORDER AND MEMORANDUM**

Electromed, Inc.,

Defendant.

---

Edward M. Laine, Esq., Edward F. Fox, Esq., Cyrus A. Morton, Esq., and David J. McKinley, Esq., Oppenheimer Wolff & Donnellly, 3400 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, counsel for Plaintiff.

Karl L. Cambronne, Esq., Chestnut & Cambronne, 3700 Piper Jaffray Tower, 222 South Ninth Street, Minneapolis, MN 55402; Richard O. Bartz, Esq., and Richard J. Bartz, Esq., Bartz & Bartz, 350 Southdale Office Center, 6750 France Avenue South, Edina, MN 55435; Paul A. Koches, Esq., McLean Group, 1025 Connecticut Ave. N.W., Suite 1012, Washington, DC 20036; and William J. George, Esq., George Law Office, 2312 Old Beach Road, Wayzata, MN 55391, counsel for Defendant.

---

This matter is before the Court upon Plaintiff's appeal of Magistrate Judge Susan Richard Nelson's order dated July 22, 2002, granting Defendant's Motion to Compel Discovery of the Fish & Richardson Patent Opinion Document. Defendant opposes Plaintiff's appeal. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79

SEP 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds that Magistrate Judge Nelson's order is neither clearly erroneous nor contrary to law. The Court denies Plaintiff's appeal and affirms Magistrate Judge Nelson's order of July 22, 2002, with one modification.

Accordingly, **IT IS HEREBY ORDERED**:

1. Magistrate Judge Susan Richard Nelson's order of July 22, 2002 (Doc. No. 64) is **AFFIRMED AS MODIFIED.**

2. Plaintiff is ordered to present the Fish & Richardson Patent Opinion Document to Magistrate Judge Susan Richard Nelson for *in camera* review. If the *in camera* review does not yield new information which renders the Magistrate Judge's decision inaccurate in some way, the document will then be turned over to the Defendant.

Dated: September 4, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

This dispute involves discovery of an opinion prepared by counsel for Plaintiff regarding the validity and scope of one of the patents-in-suit. The opinion was rendered by Plaintiff's then-counsel in the context of a dispute, however civil, between the Plaintiff and the University of Minnesota. The University of Minnesota owns the patent-in-suit, and the Plaintiff was and is the exclusive licensee of the patent. The opinion at issue was rendered in the context of the parties determining whether one of Plaintiff's commercial products, the Model 103, was covered

by the University's patent and whether, as a result, the Plaintiff owed the University royalties on the Model 103.

In the current litigation, Plaintiff accuses the Defendant of infringing the University's patent, to which the Plaintiff is the exclusive licensee. Defendant seeks the patent infringement opinion at issue because Defendant believes that the opinion will show that even Plaintiff did not, at one time, believe that the Defendant's products–which are functionally similar or the same as the Model 103–violated the patent-in-suit and because the opinion will demonstrate that the Plaintiff has taken inconsistent positions with respect to the scope of the patent.

Plaintiff asserts that the patent infringement opinion is not discoverable because it is protected by the attorney-client privilege. Plaintiff argues that *In re Regents of University of California*, 101 F.3d 1386 (Fed. Cir. 1996), is controlling. The issue in *In re Regents* involved whether the opinions rendered by the attorney of an exclusive licensee to a patent were protected by privilege when they were disclosed to a third-party which owned the patent. The Federal Circuit determined that the privilege remained intact because the patent owner and the exclusive licensee shared a community of interest.

This case, however, is distinguishable from *In re Regents*. The Federal Circuit's determination rested upon the fact that the licensee and the patent holder shared a common interest, specifically in ensuring that the patent at issue was valid and enforceable in a variety of countries. The disclosures between counsel for the licensee and the patent holder were made as part of a joint effort to secure valid patent rights. Here, in contrast, the disclosure at issue was made not in the furtherance of a common interest.[1] Rather, the disclosure was made as part of an

---

[1] The Court notes that the mere fact that the University and the Plaintiff stated that (continued...)

effort by the licensee to persuade the patent holder that one of the licensee's products did not fall within the scope of the patent and that the licensee did not owe royalties. While the Plaintiff and the University may well have shared a community of interest for certain purposes, even certain purposes related to the patent-in-suit, their interests were legally and financially divergent with respect to the transaction in which the disclosure was made.

The Court finds that the Magistrate Judge's reasoning is sound. The Court recognizes the special concerns associated with protecting attorney-client privilege. But the Court also recognizes the dangers in over-extending the scope of that privilege to allow parties to collude or to negotiate in secret. The Court finds that the Magistrate Judge has struck an appropriate balance between those concerns and that her decision is legally sound.

Out of an abundance of caution, and in deference to the special concerns associated with attorney-client privilege noted above, the Court modifies the Magistrate Judge's order in one small way: the Court orders that the document at issue be presented to the Magistrate Judge for *in camera* review prior to disclosure to the Defendant. This step will ensure that the Magistrate Judge has an opportunity to review any additional pertinent information about the opinion at issue which could not be disclosed by the Plaintiff without unequivocally waiving privilege.

D.W.F.

---

[1](...continued)
they shared the common goal of ascertaining whether the Model 103 was covered by the University's patent does not make it so. The parties may have said they shared a common interest, but the facts and circumstances dictate otherwise.