**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Advanced Respiratory, Inc., Civil No. 00-2646 (DWF/SRN)

Plaintiff,

v.

**ORDER**

Electromed, Inc.,

Defendant.

---

Edward F. Fox, Esq., Edward M. Laine, Esq., David J. McKinley, Esq., and Cyrus A. Morton, Esq., Oppenheimer, Wolff & Donnelly, 3300 Plaza VII Building, 45 South 7th Street, Minneapolis, MN 55402, on behalf of Plaintiff.

Richard J. Bartz, Esq., and Richard O. Bartz, Esq., Bartz & Bartz, 350 Southdale Office Center, 6750 France Avenue South, Edina, MN 55435; Karl L. Cambronne, Esq., Chestnut & Cambronne, 3700 Campbell Mithun Tower, 222 South 9th Street, Minneapolis, MN 55402; William J. George, Esq., George Law Office, 2312 Old Beach Road, Wayzata, MN 55391; and Paul A. Koches, McLean Group, 1025 Connecticut Avenue Northwest, Suite 1012, Washington, DC 20036, on behalf of Defendant.

---

The above-entitled matter is before the undersigned United States District Judge pursuant to Plaintiff's request for leave to file a motion for reconsideration of the Court's *Markman* Order of January 10, 2003.

Pursuant to Local Rule 7.1(g), a request for leave to file a motion for reconsideration will only be granted upon a showing of "compelling circumstances." Here, the Plaintiff asserts that the Court's construction of the venting function of the '263 Patent to include human interaction amounts to "compelling circumstances" to allow Plaintiff the opportunity to conduct further briefing on the issue of "human interaction." The Court finds that it does not.

FILED FEB 04 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

In its January 10, 2003, Order, the Court considered all of Plaintiff's and Defendant's arguments when it construed the structure of the '263 Patent that corresponds to the venting function to require human interaction, and the Court sees no compelling circumstances that merit revisiting the issue.

In conjunction with Plaintiff's request for reconsideration, Defendant has requested an extension to allow the parties additional time to incorporate any reconsideration issues related to claim construction into the parties' briefing for the cross-motions for summary judgment scheduled before this Court on March 28, 2003. Because the Court denies Plaintiff's request for reconsideration, Defendant's request for a time extension is also denied. Thus, the parties should prepare their summary judgment briefs in light of the Court's conclusions in the *Markman* Order of January 10, 2003.

Based upon the submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**ORDER**

1. Plaintiff's request for permission to file a motion for reconsideration is **DENIED**.

2. Defendant's request for a time extension is **DENIED.**

Dated: February 3, 2003

DONOVAN W. FRANK
Judge of United States District Court