**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Advanced Respiratory, Inc.,

Plaintiff,

v.

Electromed, Inc.,

Defendant.

Civil No. 00-2646 (DWF/SRN)

**ORDER**

---

Edward M. Laine, Esq., Edward F. Fox, Esq., Cyrus A. Morton, Esq., and David J. McKinley, Esq., Oppenheimer, Wolff & Donnelly, 3300 Plaza VII Building, 45 South 7th Street, Minneapolis, Minnesota 55402, counsel for Plaintiff.

John B. Lunseth II, Esq., and Lori J. Marco, Esq., Briggs & Morgan, 2400 IDS Center, 80 South 8th Street, Minneapolis, Minnesota 55402; Karl L. Cambronne, Esq., Chestnut & Cambronne, 3700 Campbell Mithun Tower, 222 South 9th Street, Minneapolis, Minnesota 55402; Richard O. Bartz, Esq., and Richard J. Bartz, Esq., Bartz & Bartz, 350 Southdale Office Center, 6750 France Avenue South, Edina, Minnesota 55435; and Paul A. Koches, Esq., McLean Group, 1025 Connecticut Avenue NW, Suite 1012, Washington, District of Columbia 20036, counsel for Defendant.

---

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendant Electromed, Inc.'s request for permission to file a motion for reconsideration of this Court's *Markman* Order of January 10, 2003. In the alternative, Defendant requests that the Court's Markman ruling be certified to the Federal Circuit pursuant to 28 U.S.C.A. § 1292(b).

Pursuant to Local Rule 7.1(g), a request for leave to file a motion for reconsideration will only be granted upon a showing of "compelling circumstances." Here, the Court filed its Markman ruling on January 10, 2003. On May 8, 2003, the Court issued an Order on the parties' cross-motions for summary judgment. Defendant now asserts that compelling circumstances exist to warrant reconsideration of those portions of the Court's January *Markman* Order that

FILED JUN 2 4 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

interpreted the feedback and control mechanism and the "rod" of the '662 Patent.

The Court finds that compelling circumstances do not exist to warrant reconsideration of this Order. The Defendant's belief that the Court wrongly decided these issues does not amount to compelling circumstances. Moreover, the more than five-month delay in requesting reconsideration, during which time Defendant had numerous opportunities to review the Court's *Markman* Order, contradicts any assertion of compelling circumstances.

In addition, the Court finds that the issues raised by Defendant do not raise "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, these issues do not warrant certification to the Federal Circuit.

Based upon the submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**ORDER**

1. Defendant's Motion for Leave to File a Motion for Reconsideration is **DENIED**.

Dated: June 24, 2003

DONOVAN W. FRANK
Judge of United States District Court