**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Advanced Respiratory, Inc.,

Plaintiff,

v.

Electromed, Inc.,

Defendant.

Civil No. 00-2646 (DWF/SRN)

**ORDER**

---

Edward F. Fox, Esq., Edward M. Laine, Esq., David J. McKinley, Esq., and Cyrus A. Morton, Esq., Oppenheimer Wolff & Donnelly, LLP, 3300 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, counsel for Plaintiff .

Richard J. Bartz, Esq., and Richard O. Bartz, Esq., Bartz & Bartz, 350 Southdale Office Center, 6750 France Avenue South, Edina, MN 55435; Karl L. Cambronne, Esq., Chestnut & Cambronne, 3700 Campbell Mithun Tower, 222 South 9th Street, Minneapolis, MN 55402; Paul A. Koches, Esq., McLean Group, 1025 Connecticut Avenue NW, Suite 1012, Washington, DC 20036; Michael Lafeber, Esq., John B. Lunseth, II, Esq., and Lori J. Marco, Esq., Briggs & Morgan, 2200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, counsel for Defendant.

---

The above-entitled matter is before the Court pursuant to Plaintiff's and Defendant's motions in limine, raised both in written submissions and orally at the pre-trial hearing for this matter on June 25, 2003, including: (1) Advanced Respiratory's Motion to Preclude Electromed from Presenting Any Theory of Non-Infringement Based on Its Own Patents; (2) Advanced Respiratory's oral motion to preclude Electromed from presenting testimony regarding testing on the IR compensation system that was not included in Electromed's expert reports; (3) Advanced

FILED JUN 2 7 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Respiratory's oral motion to preclude testimony from Electromed's previously undisclosed witnesses Richard Bartz, Dr. Warren Warwick, and one of three possible witnesses from the Minarik Corporation; and (4) Electromed's oral motion to preclude testimony from Advanced Respiratory's previously undisclosed witness, Cyndie Nall. In addition, the Court will address two other matters raised at the pre-trial hearing; namely, the proper scope of the doctrine of equivalents analysis as related to the alleged narrowing amendments in the '662 Patent history, and Electromed's objections to Advanced Respiratory's proposed introduction of a specific thermostat device as illustrative of the differences between a feedback control mechanism and the accused device.

**1. The '749 Patent**

Advanced Respiratory has moved to preclude Electromed from presenting any theory of non-infringement based upon its own patents, particularly Electromed's '749 Patent granted on April 15, 2003 (*see* U.S. Patent 6,457,749 B2), on grounds that it is irrelevant to the issues of infringement and equivalence and that it creates confusion and unfair prejudice. At the pre-trial hearing on this matter, Electromed's counsel stated that Electromed intended to use the '749 Patent to prove that Electromed could not have infringed the '662 Patent.

First, "'[t]he existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right to exclude others and confers no rights on its holder to make, use, or sell.'" *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996), quoting *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991). On this basis, the issuance of the '749 Patent is not relevant to the infringement issue. Second, although the Federal Circuit

has held that a subsequent patent may be relevant to the issue of whether certain elements of an improvement patent are equivalent,[1] Electromed does not argue that the '749 Patent is an improvement to the '662 Patent. Thus, these cases are not applicable. Finally, even if the '749 Patent was relevant to the issue of willfulness,[2] despite the fact that the patent was not issued until less than three months prior to trial, the introduction of the '749 Patent to the jury would merely cause confusion for the jury and thereby prejudice the Plaintiff. Indeed, introduction of the '749 Patent, the claims of which have not yet been construed, would result in a mini-trial on that patent's claim construction. Aside from the great confusion that this would cause with the jury, it would also misdirect the jury's attention from the real issue of the case–specifically, whether the MedPulse device infringes the '662 Patent. As such, Plaintiff's motion to preclude Electromed from presenting any theory of non-infringement based upon its own patents is granted. This decision is made pursuant to Rules 402 and 403 of the Federal Rules of Evidence. Any reference to the '749 Patent shall be presumptively inadmissible.

### 2. Testing Performed after Expert Report Deadline

At the pre-trial hearing, the Court granted in part Electromed's motion to preclude Advanced Respiratory's expert witnesses from testifying as to the testing that they had performed after the deadline for expert reports on the MedPulse device and its IR compensation system. In response to this ruling, Advanced Respiratory moved to preclude Electromed's experts from

---

[1] *See, e.g., Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1128 (Fed. Cir. 1996) (Nies, J., additional views); *Atlas Powder Co. v. E.I. du Pont De Nemours & Co.*, 750 F.2d 1569, 1580-81 (Fed. Cir. 1984).

[2] *See, e.g., King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 867 (Fed. Cir. 1985).

testifying as to any testing that they had performed, at the summary judgment stage and after the expert report deadline had passed.

The Scheduling Order for this matter states:

> 4. **Unless leave of court is applied for and given**, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.
>
> 5. **Unless leave of court is applied for and given**, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report.

(September 14, 2001, First Modified Pretrial Scheduling Order) (emphasis supplied).

Here, neither of the parties sought or obtained leave of court for additional testing, experiments, or reports. Thus, consistent with the Scheduling Order, there will be no reference by either party, in opening statements or otherwise, of any testing that does not appear in the expert reports, absent further order of the court or an offer of proof by the party.

**3. Witnesses**

The parties have each objected to witnesses set forth in the parties' pre-trial submissions, such witnesses who were not disclosed in compliance with the deadlines and requirements set out in the Scheduling Order. Specifically, Electromed objects to Advanced Respiratory's witness Cyndie Nall; Advanced Respiratory objects to Electromed's witnesses Richard Bartz, Dr. Warren Warwick, and any of the three potential witnesses listed from the Minarik Corporation.

The Court grants both of the parties' oral motions to preclude these witnesses from testifying. Good cause is required to allow parties to present witnesses who were not previously disclosed, and such good cause is absent from the record. The untimely disclosure of the

witnesses Cyndie Nall, Dr. Warren Warwick, and the possible Minarik witnesses would result in prejudice to the opposing party if they were allowed to testify. In addition, without reaching the issue of whether counsel-of-record can take the witness stand on behalf of their client, Richard Bartz will not be allowed to testify on the grounds of untimeliness of disclosure and prejudice. In so holding, the Court preserves the rights of both parties to bring an offer of proof, outside the hearing of the jury, as to whether any or all of these people are appropriate rebuttal witnesses.

**4. Doctrine of Equivalents**

At the pre-trial hearing, the parties raised issues related to the doctrine of equivalents and the effect of the alleged narrowing amendments that occurred in the prosecution history of the '662 Patent. Because Advanced Respiratory did not raise the doctrine of equivalents in its previous Motion for Summary Judgment, these issues have not been fully briefed by the parties. Thus, the Court respectfully requests that both parties submit briefing as to what the specific issues are related to the doctrine of equivalents and the manner in which the parties propose these issues should be presented to the jury. Such briefing should specifically identify the portions of the claim to which the doctrine of equivalents applies and should further state each party's position on the effects of the alleged narrowing amendments in the '662 Patent's prosecution history on the scope of the doctrine of equivalents analysis, as prescribed by *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722 (2002).

**5. The Room Thermostat**

At the pre-trial hearing, Electromed again raised issues with the "room thermostat" analogy that was included in the Court's *Markman* Order of January 10, 2003, to describe the basic manner in which a feedback and control system functions. While continuing to object to

this analogy, Electromed further takes issue with Advanced Respiratory's proposed comparison of a specific Honeywell thermostat device with the MedPulse device. Electromed asserts that Advanced Respiratory intends to compare the two devices in order to demonstrate that the MedPulse device does, indeed, have feedback and control. Consistent with the Court's remarks off the bench, the "room thermostat" analogy was merely included in the claim construction as an illustrative example of a feedback and control system, upon Advanced Respiratory's suggestion. In this sense, use of the analogy is permissible. However, if Advanced Respiratory intends to actually represent a thermostat as a specific commercial structure and then compare that structure to the MedPulse, the Court will not allow it.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Preclude Electromed from Presenting Any Theory of Non-Infringement Based on Its Own Patents (Doc. No. __) is **GRANTED**;

2. Plaintiff's oral motion to preclude the expert testimony of Richard Bartz, Esq., Dr. Warren Warwick, and an expert from Minarik Corporation is **GRANTED**;

3. Defendant's oral motion to preclude the testimony of Cyndie Nall is **GRANTED**;

4. Plaintiff's oral motion to preclude Defendant from raising any testimony about testing the accused device that was not included in Defendant's expert reports is **GRANTED**.

5. Although it is permissible for either party to use the "room thermostat" analogy to illustrate the manner in which a feedback and control mechanism works, neither party is allowed to represent a specific thermostat structure to the jury and compare it with the accused device.

6. The parties shall submit simultaneous briefing to the Court on the matter of the doctrine of equivalents and the alleged narrowing amendments in the prosecution history of the

'662 Patent, as described above. Such briefing shall be submitted to the Court no later than the close of business on Tuesday, July 1, 2003.

Dated: June 27, 2003

DONOVAN W. FRANK
Judge of United States District Court