**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Advanced Respiratory, Inc.,

Plaintiff,

v.

Electromed, Inc.,

Defendant.

Civil No. 00-2646 (DWF/SRN)

**ORDER**

---

Edward F. Fox, Esq., Edward M. Laine, Esq., David J. McKinley, Esq., and Cyrus A. Morton, Esq., Oppenheimer Wolff & Donnelly, LLP, 3300 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, counsel for Plaintiff.

Richard J. Bartz, Esq., and Richard O. Bartz, Esq., Bartz & Bartz, 350 Southdale Office Center, 6750 France Avenue South, Edina, MN 55435; Karl L. Cambronne, Esq., Chestnut & Cambronne, 3700 Campbell Mithun Tower, 222 South 9th Street, Minneapolis, MN 55402; Paul A. Koches, Esq., McLean Group, 1025 Connecticut Avenue NW, Suite 1012, Washington, DC 20036; Michael Lafeber, Esq., John B. Lunseth, II, Esq., and Lori J. Marco, Esq., Briggs & Morgan, 2200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, counsel for Defendant.

---

This matter comes before the Court on Plaintiff's and Defendant's issues, raised initially at the pre-trial hearing on this matter, regarding the doctrine of equivalents and prosecution history estoppel. The parties have briefed these issues at the Court's request.

In its briefing on the matter, Defendant has raised the issue of prosecution history estoppel as to three amendments that were made during the course of the prosecution history of the '662 Patent. These amendments relate to the oscillatory air flow generator, the change from a "positive air flow generator" to claim a "continuous air flow generator," and the addition of the

JUL 0 8 2003
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

first and second "feedback and control means." Defendant claims that these alleged narrowing amendments give rise to a complete prosecution history estoppel bar and thus prevent Plaintiff from raising the doctrine of equivalents as to those elements of the claim. Plaintiff disputes these contentions and submits that prosecution history estoppel does not apply.

Prosecution history estoppel applies to estop a patent owner from benefitting from the doctrine of equivalents when the patent owner gave up certain elements of their patent claim during the application process to obtain allowance of the patent. *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 30 (1997). Whether prosecution history estoppel applies to limit the doctrine of equivalents is a question of law for the court to decide. *Bai v. L & L Wings, Inc.,* 160 F.3d 1350, 1354 (Fed. Cir. 1998).

When a narrowing amendment is made related to reasons of patentability, the Supreme Court recently held that a narrowing amendment does not effect a complete bar to the doctrine of equivalents for the amended claim element, but rather raises a rebuttable presumption that a complete bar to the doctrine of equivalents applies. *See Festo Corp. v. Shoketsu Kinzoku Kogyu Kabushiki Co.*, 535 U.S. 722, 740 (2002). Thus, the patentee bears the burden of showing that the amendment does not surrender the particular equivalent in question. *Id.* at 740. As the Supreme Court further explained:

> Though prosecution history estoppel can bar challenges to a wide range of equivalents, its reach requires an examination of the subject matter surrendered by the narrowing amendment. The complete bar avoids this inquiry by establishing a per se rule; but that approach is inconsistent with the purpose of applying the estoppel in the first place–to hold the inventor to the representations made during the application process and to the inferences that may reasonably be drawn from the amendment. By amending the application, the inventor is deemed to concede that the patent does not extend as far as the original claim. It does not follow, however, that the amended claim becomes so perfect in its description that no one

> could devise an equivalent. After amendment, as before, language remains an imperfect fit for invention. The narrowing amendment may demonstrate what the claim is not; but it may still fail to capture precisely what the claim is. There is no reason why a narrowing amendment should be deemed to relinquish equivalents unforeseeable at the time of the amendment and beyond a fair interpretation of what was surrendered. Nor is there any call to foreclose claims of equivalence for aspects of the invention that have only a peripheral relation to the reason the amendment was submitted. The amendment does not show that the inventor suddenly had more foresight in the drafting of claims than an inventor whose application was granted without amendments having been submitted. It shows only that he was familiar with the broader text and with the difference between the two. As a result, there is no more reason for holding the patentee to the literal terms of an amended claim than there is for abolishing the doctrine of equivalents altogether and holding every patentee to the literal terms of the patent.

*Id.* at 737-38. With this reasoning, the Supreme Court further held that there are three instances where an amendment cannot be viewed as surrendering a particular equivalent: the equivalent was unforeseeable at the time of the application; the rationale underlying the amendment bears merely a tangential relation to the equivalent in question; or if the patentee could not have been reasonably expected to describe the insubstantial substitute in question. *Id.* It is still an open question, however, as to whether these three ways in which to rebut the presumption of prosecution history estoppel are questions of law or of fact. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki*, 304 F.3d 1289 (Fed. Cir. 2002).

First, as to the oscillatory air flow generator of the '662 Patent, this claim element was modified to disclaim the prior art of the Hansen '081 amplifier system and the Hayek '452 rotating disk system. Contrary to Defendant's contentions, this amendment did not disclaim *all* other types of oscillatory air flow systems that could potentially be equivalent in structure to the rod and crankshaft system of the '662 Patent. The amendment only disclaimed the two systems at question, and the accused device is peripheral to these amendments. Thus, prosecution history

estoppel does not serve as a bar to presentation of equivalents of this claim element. Furthermore, even if the tangentialness inquiry is determined to be a question of fact, the Court finds that a reasonable jury could not conclude that the accused device is not tangential to the amendments at issue, based upon the facts before the Court. In so holding, the Court leaves open the possibility that Defendant may later raise the issue of prosecution history estoppel, subject to an offer of proof, depending upon the manner that Plaintiff presents its evidence at trial. While the Court has determined here that the facts support a finding of tangentialness, if the facts presented at trial further demonstrate that the accused device is not tangential to the amendments at issue, the Court is willing to reconsider its decision.

Second, as to the amendment from a "positive air flow generator" to a "continuous air flow generator," the Court already addressed this issue in its *Markman* Order. In that Order, the Court determined that the terms were used somewhat synonymously. *See Markman* Order at 19. As such, this amendment was merely cosmetic and does not narrow the patent's scope or raise an issue of estoppel as to the equivalents of this claim element. *See Festo*, 535 U.S. at 736-37.

Finally, as to the third amendment to include the two feedback and control means, it appears that Plaintiff merely claims that the accused device is functionally or structurally equivalent pursuant to a § 112, ¶ 6, literal infringement analysis. Because *Festo* does not extend to the literal infringement analysis of § 112, ¶ 6, the Court need not address the Defendant's prosecution history estoppel arguments as to application of the doctrine of equivalents.

In summary, after a review of the intrinsic record of the '662 Patent history, the Court finds that as a matter of law, prosecution history estoppel does not apply.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. The doctrine of prosecution history estoppel does not apply in this matter to bar Plaintiff's presentation of equivalents to the claims of the '662 Patent.

Dated: July 8, 2003

DONOVAN W. FRANK
Judge of United States District Court